UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JEREMY JORGE,

Defendant.

18-CR-6
DECISION AND ORDER

---

On May 15, 2018, the Court sentenced the defendant to 24 months of imprisonment and three years of supervised release following his plea of guilty to distribution of fentanyl, butyryl fentanyl, furanyl fentanyl, and U-47700. The defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2255. Nevertheless, the defendant filed a *pro se* motion to obtain a free transcript of his sentencing proceeding, as well as copies of the docket sheet, judgment, and plea agreement. *See* Docket Item 23. For the reasons below, the defendant's motion is denied without prejudice.

## **DISCUSSION**

The defendant claims that without the requested documents, he is unable to frame his 2255 petition. *See* Docket Item 23. Under Title 28, United States Code, Section 2250, an indigent prisoner may obtain free "copies of . . . documents or parts of the record on file" only "on an [] application for a writ of habeas corpus." *Id.* Moreover, Title 28, United States Code, Section 753(f) provides, in pertinent part,

> Fees for transcripts furnished in proceedings brought under
> [28 U.S.C. § 2255] to persons permitted to sue or appeal in

> forma pauperis shall be paid by the United States . . . if the
> trial judge or a circuit judge certifies that the suit or appeal is
> not frivolous and that the transcript is needed to decide the
> issue presented by the suit of appeal.[1]

Here, the defendant's motion does not establish that he is indigent, and he has not filed an application for a writ of habeas corpus.

The Second Circuit has made clear that "the plain language and necessary operation" of Section 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). This is so for two reasons. First, Section 753(f) refers to "proceedings brought under section 2255." That, of course, has not yet happened in this case. And second, Section 753(f) requires a judge's certification "that the transcript is needed to decide the issue presented by the suit or appeal." That, too, cannot happen until the defendant files a Section 2255 petition. Without such a filing, this Court has no way to evaluate "the issue presented" by the defendant's petition. *See Horvath*, 157 F.3d at 132. Section 753(f) thus precludes the defendant from obtaining free transcripts until he files a Section 2255 petition.

The defendant's request for free copies of his transcript, docket sheet, judgment, and plea agreement is therefore premature.

---

[1] Section 753(f) also addresses the cost of transcripts "furnished in criminal proceedings under the Criminal Justice Act," as well as transcripts "furnished in other proceedings." But the time for the defendant to appeal his conviction and/or sentence has long since passed. *See* Fed. R. App. P. 4(b). Thus, the only conceivable basis for a transcript request appears to be a petition under Section 2255.

## CONCLUSION

For the reasons stated above, the defendant's motion for free copies of his sentencing transcript, docket sheet, judgment, and plea agreement is denied without prejudice.

SO ORDERED.

Dated: September 30, 2019
           Buffalo, New York

                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE